**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**ESSEX VICINAGE**

|  |  |
|---|---|
| OOVEE, LTD.,<br><br>                     Plaintiff,<br><br>      v.<br><br>S3D INTERACTIVE, INC. and SABER<br>INTERACTIVE, INC.,<br><br>                  Defendants. | CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff OOVEE, Ltd., by way of Complaint against Defendants S3D Interactive, Inc. and Saber Interactive, Inc. state as follows:

## PARTIES

1. Plaintiff OOVEE, Ltd. ("OOVEE" or "Plaintiff") is a private limited company registered under the laws of England and Wales with a registered office at Yare House, 62-64 Thorpe Road, Norwich, England, NR1 1RY.

2. OOVEE is an independent game developer and publisher and the developer and publisher of the game titled SPINTIRES.

3. Upon information and belief, Defendant S3D Interactive, Inc. ("S3D"), formerly known as Saber Interactive, Incorporated (New Jersey), is a New Jersey corporation with a registered office at 4 Winthrop Place, Maplewood, New Jersey 07040.

4. Upon information and belief, S3D is a video game developer.

5. Upon information and belief, Defendant Saber Interactive, Inc. ("SII") is a Delaware corporation with a registered office located at 2200 N Ocean Boulevard, #CU4, Fort Lauderdale, Florida 33305.

6.    Upon information and belief, SII is a video game developer.

7.    S3D and SII are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

8.    This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceed USD $75,000.00.

9.    Venue is proper under 28 U.S.C. § 1391(a) and (b)(1) in that the Promissory Note that is a subject of this suit specifies that "**THE BORROWER HEREBY IRREVOCABLY CONSENT[S] TO THE EXCLUSIVE JURISDICTION OF THE NEW JERSEY FEDERAL DISTRICT COURT IN NEWARK, NEW JERSEY**" Promissory Note at ¶ 7 (emphasis in original). A true and correct copy of the Promissory Note is attached hereto as Exhibit A.

10.    The Newark Vicinage of the District of New Jersey is the proper division for this action because of the aforementioned contractual agreements.

## BACKGROUND

11.    Plaintiff and Defendants have been involved in several contentious litigations including as of December 2022 in the London Court of International Arbitration, English High Court, UK Court of Appeal, and California and Washington federal courts.

12.    The parties ultimately agreed to resolve their disputes with one another.

13.    In early December 2022, the parties executed a Confidential Settlement Agreement (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit B.

14.    Upon information and belief, and at all times relevant to this action, Matthew Eli Karch has been the President and CEO of S3D and SII.

2

15.     Upon information and belief, and at all times relevant to this action, Jeffrey Michael Oshinsky, Esq. has served as General Counsel for SII.

16.     SII executed a Promissory Note, dated December 5, 2022 (Exhibit A), in favor of OOVEE in the amount of USD $4,060,000.00, which secures the monetary "Settlement Sum" set forth in the Settlement Agreement. Settlement Agreement at ¶ 1(a) "Part A." (Exhibit B).

17.     The Promissory Note and the Settlement Agreement each establish a payment schedule of when certain amounts are due to be paid to OOVEE by SII. Promissory Note at ¶ 2 entitled "Payment Terms" (Exhibit A) and Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B).

18.     "Part A" of the Settlement Agreement (Exhibit B) further references the Promissory Note (Exhibit A): "[t]he Payments are subject to the promissory note which is contained at Appendix B." Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B).

19.     An initial settlement payment of USD $500,000 under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B) was due on the date of the signing of the settlement agreement.

20.     On January 5, 2023, a USD $510,000 settlement payment under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B) was due. Defendants made a one day late USD $500,000 payment on January 6, 2023.

21.     On March 31, 2023, a USD $510,000 settlement payment under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B) was due. Defendants made a late USD $500,000 payment on April 4, 2023, which was USD $10,000 less than the required amount. The late payment of an amount less than what was due were separate breaches of the Promissory Note and Settlement Agreement.

22.     On June 1, 2023, USD $510,000 was due under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B), but no monies were tendered on that date, constituting a separate breach.

23.     After Plaintiff's repeated efforts, a USD $500,000 payment was made on July 11, 2023, which was not only more than one month late, but was also USD $10,000 less than the USD $510,000 due. Again, the late payment of an amount less than what was due were separate breaches of the Promissory Note and Settlement Agreement.

24.     On September 1, 2023, USD $510,000 was due under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B), but no monies were tendered on that date, constituting a separate breach.

25.     After Plaintiff's repeated efforts, a USD $530,000 payment was made on November 22, 2023, which was more than three months late, thereby being a separate breach of the Promissory Note and Settlement Agreement. Apparently the USD $20,000 sought to make up for the two separate prior breaches of submitting $10,000 less than what was due for the March 31, 2023 and June 1, 2023 payments.

26.     On December 1, 2023, USD $510,000 was due under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B), but no monies were tendered on that date, constituting a separate breach.

27.     A USD $510,000 payment was made on March 8, 2024, more than three months late, thereby constituting a separate breach of the Promissory Note and Settlement Agreement.

28.     On March 1, 2024, USD $510,000 was due under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B), but no monies were tendered on that date, constituting a separate breach.

4

29.    A USD $510,000 payment was made on April 8, 2024, more than one month late, constituting a separate breach of the Promissory Note and Settlement Agreement.

30.    On June 3, 2024, USD $510,000 was due under the Promissory Note (Exhibit A) and "Part A" of the Settlement Agreement (Exhibit B), but no monies were tendered on that date – or any subsequent date – thereby constituting a separate breach.

31.    Of the $4,060,000 amount due pursuant to the Promissory Note and Part A of the parties' Settlement Agreement, only $3,550,000 has been received by Plaintiff, leaving $510,000 overdue and owing plus interest and attorneys' fees.

32.    Pursuant to the Promissory Note, failure to make a timely and complete payment will result in the entire outstanding principal balance, together with additional amounts payable becoming immediately due and payable without demand or notice of any kind. Promissory Note at ¶ 6 (Exhibit A).

33.    The Promissory Note provides for an 11% Default Rate and recovery of any fees and expenses of any agents or attorneys that OOVEE employs. Promissory Note at ¶ 3 (Exhibit A).

34.    The aforementioned failures of Defendants to comply with the above-referenced provisions of the Promissory Note (Exhibit A) and Settlement Agreement (Exhibit B) constitute breaches of the respective documents.

35.    Neither Promissory Note (Exhibit A) nor the Settlement Agreement (Exhibit B) has ever been amended or modified, and each remains in full force and effect.

36.    Despite Plaintiff's repeated attempts to arrive at a solution for Defendants' benefit to resolve these breaches, Defendants have not done anything to cure them.

37.    Under the Promissory Note, all notices, including a notice of breach, may be given via email to certain identified parties. Promissory Note at ¶ 7 (Exhibit A).

38.    Plaintiff's UK counsel provided notice of this breach on June 16, 2023 to Defendants' New Jersey counsel, who responded "They are checking into it, they thought it was paid. I'll revert back today." There was no further response on June 16, 2023. A true and correct copy of this email correspondence exchange is attached hereto as Exhibit C.

39.    On July 13, 2023, Plaintiff's New Jersey counsel sent a demand letter via email to the same designated parties set forth in the Promissory Note (Exhibit A), and sent a hard copy to Defendants' New Jersey counsel via overnight courier. A true and correct copy of the July 13, 2023 Notice of Breach Letter and proof of delivery are attached hereto as Exhibit D.

40.    As with Plaintiff's other notices, this notice has gone unheeded and no remedial action was undertaken by Defendants.

## FIRST COUNT
### (Breach of Contracts)

41.    Plaintiff repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

42.    Defendant SII entered into the Promissory Note with Plaintiff OOVEE, which is a binding and enforceable contract. (Exhibit A).

43.    Defendants S3D and SII entered into the Settlement Agreement with, *inter alia*, Plaintiff, which is a binding and enforceable contract. (Exhibit B).

44.    Plaintiff complied with the terms of the aforementioned agreements.

45.    Defendants S3D and SII are obligated to comply with the terms of the Promissory Note, which included but not limited to making certain monetary payments on designated dates in certain amounts. Promissory Note at ¶ 2 "Payment Terms" (Exhibit A).

46.     Defendants S3D and SII are also obligated to comply with the terms of the Settlement Agreement, which included but not limited to making certain monetary payments on designated dates in certain amounts. Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B).

47.     Defendants S3D and SII further agreed that the monetary payments set forth in Paragraph 1(a) "Part A" (Exhibit B) are subject to the Promissory Note (Exhibit A).

48.     Defendants S3D and SII continually failed to meet the payment schedules and pay the full amounts due on such dates as contained in the Promissory Note (Exhibit A) and Settlement Agreement (Exhibit B).

49.     Defendants' failure to make timely and complete payments for the scheduled payments separately constituted a breach of both the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B) and represented an Event of Default under the Promissory Note.

50.     Paragraph 6 of the Promissory Note defines an "Event of Default" as, *inter alia*, "the nonpayment of any principal, interest or other indebtedness under this Note when due..." Promissory Note at ¶ 6(i) (Exhibit A).

51.     The Promissory Note further provides that if Default occurs as prescribed in subparagraph (i), "following written notice to Borrower and a five (5) day right to cure, the outstanding principal balance, together with any additional amounts payable hereunder shall be immediately due and payable without demand or notice of any kind." Promissory Note at ¶ 6(a) (Exhibit A).

52.     The Promissory Note further provides that "at the Lender's option the then outstanding principal amount of this Note will bear interest at the Default Rate from the date of the occurrence of the earliest Event of Default" and that "Borrower agrees to pay all of Lender's reasonable and documented costs and fees, including reasonable attorneys' fees, in connection with any action resulting from an Event of Default." Promissory Note at ¶ 6(c) & (d) (Exhibit A).

53.    "Default Rate" is defined in Paragraph 3 of the Promissory Note as "upon the occurrence of any Event of Default (as hereinafter defined) and during the continuance thereof, amounts outstanding under this Note shall bear interest at the rate of ELEVEN (11%) PERCENT per annum (the "Default Rate"). The Default Rate shall continue to apply whether or not judgment shall be entered on this Note." Promissory Note at ¶ 3 (emphasis in original) (Exhibit A).

54.    Plaintiff provided notices to those required under the Settlement Agreement. See Exhibits C & D.

55.    Defendants failed to timely and fully make such payments.

56.    Despite reasonable demands for payment, the total amount of USD $510,000 (exclusive of attorneys' fees, cost, pre-judgment and post-judgment interest) remains due and unpaid.

57.    Plaintiff provided more than ample opportunities, and offered alternatives, to enable Defendants to cure the aforementioned breaches.

58.    Defendants continued to fail to cure such breaches.

59.    As a result of these breaches, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff OOVEE, Ltd respectfully requests judgment in its favor and against Defendants S3D Interactive, Inc. and Saber Interactive, Inc. for the following:

A.    USD $510,000 on the Promissory Note (Exhibit A) and Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B);

B.    Application of an 11% Default Rate and recovery of any fees and expenses of any agents or attorneys that OOVEE employs. Promissory Note at ¶ 3 (Exhibit A);

C.    Pre- and post-judgment interest; and

D.    Such other and further relief as the Court deems just, equitable, and proper.

## SECOND COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

60.     Plaintiff repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

61.     Under New Jersey law, every contract contains an implied covenant of good faith and fair dealing.

62.     To act in good faith and deal fairly, as required by New Jersey law, Defendants were required to act in a way that is honest and faithful to the agreed purposes of the aforementioned contracts and consistent with the reasonable expectations of the parties.

63.     By making false statements about, but not limited to:

(a) Defendants' ability to perform under the agreements, including but to limited to making timely and complete monetary settlement payments; and

(b) Defendants acted with bad motives or intentions or engaged in deception or evasion in the performance of the Promissory Note (Exhibit A) and Settlement Agreement (Exhibit B).

64.     Defendants denied Plaintiff the benefit of its bargain under the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B).

65.     As a result, the aforementioned conduct, Defendants caused and continue to cause injuries, damages, losses and/or harm to Plaintiff.

WHEREFORE, Plaintiff OOVEE, Ltd. respectfully requests judgment in its favor and against Defendants S3D Interactive, Inc. and Saber Interactive, Inc. for the following:

A.     USD $510,000 on the Promissory Note (Exhibit A) and Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B);

B.    Application of an 11% Default Rate and recovery of any fees and expenses of any agents or attorneys that OOVEE employs. Promissory Note at ¶ 3 (Exhibit A);

C.    Pre- and post-judgment interest; and

D.    Such other and further relief as the Court deems just, equitable, and proper.

## THIRD COUNT
### (Fraudulent Inducement)

66.    Plaintiff repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

67.    Towards the end of 2022, Plaintiff won, or were about to win, a series of litigation matters in the London Court of International Arbitration ("LCIA"), the UK High Court (multiple actions), UK Court of Appeal, a Federal Court action in Washington, California, and a New Jersey state court action. There were also a number of trademark registry disputes in the UK, European Union and the United States which were pending or resulted in various successes for each respective party.

68.    OOVEE was set for a December 2022 trial before the LCIA, with OOVEE seeking over USD $55,000,000 in damages. In March 2022, the LCIA issued a peremptory order requiring that S3D provide a bank guarantee or provide a deposit by way of security for a future award in the sum of USD $10,902,576. In November 2022, the UK High Court issued an order requiring S3D to comply with the peremptory order of the LCIA. This order was endorsed by a penal notice so noncompliance with this Order could have posed severe monetary and potential penal consequences for the S3D and its directors.

69.    Within this context, S3D and SII requested a mediation with OOVEE in November 2022 (after almost four years of litigation matters between the parties).This ultimately led to a settlement, concluding on December 5, 2022.

10

70.     Plaintiff agreed to this settlement as per the terms of the Promissory Note (Exhibit A) and Settlement Agreement (Exhibit B), reasonably and justifiably relying upon Defendants' representations and contractual obligations that they would comply with the terms contained therein.

71.     Among such representations and contractual obligations, Defendants promised to pay the monetary amounts set forth in the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B) in a timely and complete manner.

72.     Defendants had no intention of making timely and complete payments under the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B), as evidenced by the failure to make the timely and complete monetary payments required by these agreements' payment schedules.

73.     Each of the representations made by Defendants were knowingly false.

74.     Messrs. Karch and Oshinsky, on behalf of Defendants, each made such knowingly false promises and representations to Plaintiff with the intent that Plaintiff would rely on them.

75.     Plaintiff did in fact reasonably rely upon these false promises and representations in that it entered into the settlement and ceased proceeding with its litigation matters, and released Defendants from liability for all of Plaintiff's claims.

76.     As a result of such reasonable reliance upon these knowingly false promises and representations, Plaintiff has suffered, and continue to suffer, damages.

WHEREFORE, Plaintiff OOVEE, Ltd. respectfully requests judgment in its favor and against Defendants S3D Interactive, Inc. and Saber Interactive, Inc. for the following:

A.     USD $510,000 on the Promissory Note (Exhibit A) and the Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B);

11

B.    Application of an 11% Default Rate and recovery of any fees and expenses of any agents or attorneys that OOVEE employs. Promissory Note at ¶ 3 (Exhibit A);

C.    Punitive damages;

D.    Pre- and post-judgment interest; and

E.    Such other and further relief as the Court deems just, equitable, and proper.

## FOURTH COUNT
### (Fraudulent Performance)

77.    Plaintiff repeats and realleges all prior allegations of this Complaint as though fully set forth herein.

78.    Following the fraudulent inducement to enter into a settlement, Defendants continued to deceive Plaintiff with respect to their performance under the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B).

79.    Despite the schedules of payments contained in the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B), Defendants had no intention of complying with their representations and contractual obligations contained therein.

80.    Specifically, Defendants have shown a significant pattern of refusing to make timely and complete payments as required to do so under the parties' agreements, begrudgingly only doing so when faced with the threat of litigation.

81.    Defendants had no intention of making timely and complete payments under the Promissory Note (Exhibit A) and the Settlement Agreement (Exhibit B), as evidenced by the failure to make the timely and complete monetary payments required by these agreements' payment schedules.

82.    Each of the representations made by Defendants were knowingly false.

12

83.    Messrs. Karch and Oshinsky, on behalf of Defendants, each made such knowingly false promises and representations to Plaintiff with the intent that Plaintiff would rely on them.

84.    Plaintiff did in fact reasonably rely upon these false promises and representations in that it entered into the settlement and ceased proceeding with its litigation matters, and released Defendants from liability for all of Plaintiff's claims.

85.    As a result of such reasonable reliance upon these knowingly false promises and representations, Plaintiff has suffered, and continue to suffer, damages.

WHEREFORE, Plaintiff OOVEE, Ltd. respectfully requests judgment in its favor and against Defendants S3D Interactive, Inc. and Saber Interactive, Inc. for the following:

A.    USD $510,000 on the Promissory Note (Exhibit A) and the Settlement Agreement at ¶ 1(a) "Part A" (Exhibit B);

B.    Application of an 11% Default Rate and recovery of any fees and expenses of any agents or attorneys that OOVEE employs. Promissory Note at ¶ 3 (Exhibit A);

C.    Punitive damages;

D.    Pre- and post-judgment interest; and

E.    Such other and further relief as the Court deems just, equitable, and proper.

JARDIM MEISNER SALMON
SPRAGUE & SUSSER, P.C.
Attorneys for Plaintiff OOVEE, Ltd.

By: _____
BENNET SUSSER

Dated:  August 26, 2025

13

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that, to the best of my knowledge, information and belief, the matter in controversy herein is not the subject of another proceeding pending in any Court, any pending arbitration proceeding, or any administrative proceeding.

JARDIM MEISNER SALMON
SPRAGUE & SUSSER, P.C.
Attorneys for Plaintiff OOVEE, Ltd.

By: _____
BENNET SUSSER

Dated:  August 26, 2025

14